UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

TONY O'SHAWN MOBLEY,

    Petitioner,

v.      Case No. 3:20-cv-266-MMH-LLL

SECRETARY, FLORIDA
DEPARTMENT OF CORRECTIONS,
et al.,

    Respondents.

## ORDER

### I. Status

Petitioner Tony O'Shawn Mobley, an inmate of the Florida penal system, initiated this action on March 3, 2020,[1] by filing a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 (Petition; Doc. 1).[2] In the Petition, Mobley challenges a 2011 state court (Duval County, Florida) judgment of conviction for trafficking in hydrocodone while armed with a firearm and possession of a firearm by a convicted felon. He raises two grounds for relief. See Petition at 3-15. Respondents have submitted a memorandum in opposition to the Petition, arguing that the Petition is untimely. See Amended Response to

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (prison mailbox rule).

[2] For purposes of reference to pleadings and exhibits, the Court will cite the document page numbers assigned by the Court's electronic docketing system.

Federal Habeas Petition (Response; Doc. 10). They also submitted exhibits. See Docs. 10-1 through 10-16. Mobley filed a brief in reply. See Amended Reply to Respondents' Amended Response (Reply; Doc. 13). This action is ripe for review.

## II. One-Year Limitations Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

### III. Analysis

Respondents contend that Mobley has not complied with the one-year period of limitations set forth in 28 U.S.C. § 2244(d). See Response at 10-12. In the Petition, Mobley asserts that the Petition is timely. Petition at 14. The following procedural history is relevant to the one-year limitations issue. On April 18, 2011, the State of Florida charged Mobley, by amended information in Duval County case number 16-2010-CF-010207, with eighteen counts of drug-related crimes and possession of a firearm by a convicted felon. Doc. 10-2 at 50-52. The court granted Mobley's motion to sever counts eleven and twelve from the remaining counts. Id. at 53, 152. At the conclusion of a trial, on October 19, 2011, the jury found Mobley guilty of trafficking in hydrocodone (count eleven) and possession of a firearm by a convicted felon (count twelve) with a special finding as to each count that he actually possessed a firearm during the commission of each offense. Id. at 166-68. On November 16, 2011,

3

the court sentenced Mobley to terms of imprisonment of twenty-five years for count eleven and ten years for count twelve, to run concurrently with count eleven. Id. at 202-08, Judgment.

On direct appeal, Mobley, with the benefit of counsel, filed an initial brief, Doc. 10-3; the State filed an answer brief, Doc. 10-4; and Mobley filed a reply brief, Doc. 10-5. The First District Court of Appeal (First DCA) affirmed Mobley's conviction and sentence on October 12, 2012, with a written opinion detailing why Mobley's "general renewal" of his objection was "insufficient to rebut the presumption that the peremptory challenge was exercised in a nondiscriminatory manner." Doc. 10-6 at 8; Mobley v. State, 100 So. 3d 1170 (Fla. 1st DCA 2012). The court denied Mobley's motion for rehearing on November 28, 2012, Doc. 10-6 at 17, and issued the mandate on December 14, 2012, id. at 19.

Notably, because the First DCA issued a written opinion expressly addressing a question of law, in this instance concerning the circuit court's ruling on the State's peremptory challenge of an African-American juror, the Florida Supreme Court had subject matter jurisdiction to review the case. See Florida Star v. B.J.F., 530 So. 2d 286, 288 (Fla. 1988) (holding that the Florida Supreme Court has subject-matter jurisdiction to review any decision of a district court of appeal "that expressly addresses a question of law within the four corners of the opinion itself," even if the Florida Supreme Court ultimately

4

denies a petition for discretionary review). Accordingly, Mobley's judgment became final on Monday, December 31, 2012 (thirty days after the First DCA denied his motion for rehearing on direct appeal) because he did not seek review in the Florida Supreme Court. See Gonzalez v. Thaler, 565 U.S. 134, 137 (2012) ("We hold that, for a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires."); Vaughn v. Sec'y, Fla. Dep't of Corr., No. 3:18-cv-1005-TJC-PDB, 2021 WL 2941783, *2 (M.D. Fla. July 13, 2021) ("Petitioner did not seek review with the Florida Supreme Court, and so Petitioner's judgment and sentence became final when the time to seek that review expired[.]"); Spivey v. Sec'y, Fla. Dep't of Corr., No. 3:15-cv-23-J-34JRK, 2019 WL 10749420, *1 (M.D. Fla. Jan. 29, 2019) (finding that petitioner's judgment and sentence became final following the expiration of his time to seek discretionary review in the Florida Supreme Court because the First DCA issued a written opinion on his direct appeal). Therefore, Mobley had until December 31, 2013, to file a timely federal habeas petition. He did not file the instant Petition until March 3, 2020. Thus, the Petition is due to be dismissed as untimely unless Mobley can avail himself of the statutory provisions which extend or toll the limitations period.

    The one-year limitations period began to run on January 2, 2013, and ran for 261 days until September 20, 2013, when Mobley filed a pro se motion

for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. Doc. 10-11 at 1-51. With the benefit of counsel, he filed a second amended Rule 3.850 motion on January 8, 2018. Petition at 3; see https://core.duvalclerk.com, Doc. 566. The circuit court denied Mobley's second amended Rule 3.850 motion on October 2, 2018. See https://core.duvalclerk.com, Doc. 577. Mobley appealed the court's denial in November 2018. Doc. 10-12 at 4. The First DCA affirmed the circuit court's denial per curiam on August 2, 2019, and issued the mandate on November 13, 2019. Docs. 10-12 at 3; 10-16.

The one-year limitations period began to run again the next day, November 14, 2019, and ran for 110 days until March 3, 2020, when Mobley filed his federal Petition. Given the record, Mobley's Petition is untimely filed, and due to be dismissed unless Mobley can establish that equitable tolling of the statute of limitations is warranted. "When a prisoner files for habeas corpus relief outside the one-year limitations period, a district court may still entertain the petition if the petitioner establishes that he is entitled to equitable tolling." Damren v. Florida, 776 F.3d 816, 821 (11th Cir. 2015). The United States Supreme Court has established a two-prong test for the application of equitable tolling, stating that a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Holland v. Florida, 560 U.S. 631, 649 (2010) (quotations and citation omitted); Cadet v. Fla. Dep't

6

of Corr., 853 F.3d 1216, 1221 (11th Cir. 2017). As an extraordinary remedy, equitable tolling is "limited to rare and exceptional circumstances and typically applied sparingly." Cadet, 853 F.3d at 1221 (quotations and citation omitted). The burden is on Mobley to make a showing of extraordinary circumstances that "are both beyond his control and unavoidable even with diligence," and this high hurdle will not be easily surmounted. Howell v. Crosby, 415 F.3d 1250, 1251 (11th Cir. 2005) (quotations and citation omitted); Wade v. Battle, 379 F.3d 1254, 1265 (11th Cir. 2004) (per curiam) (citations omitted).

In his Reply, Mobley argues that he is entitled to equitable tolling because he worked diligently on his federal Petition beginning in August 2019 until he experienced pandemic-related delays associated with his typing and copying requests in February 2020. See Reply at 1-4. In a letter addressed to the Court, he asks that the Court direct the librarian at Wakulla Correctional Institution Annex to provide logs showing Mobley visited the library and/or worked on his federal Petition from August 2, 2019, to March 3, 2020.[3] See Letter (Doc. 14). Notably, in his Petition, Mobley raised ineffective-assistance-of-trial-counsel claims that are substantially similar to those he presented in his counseled second amended Rule 3.850 motion on January 8, 2018. Petition

---

[3] Mobley is advised that he may not correspond by letter with Judges of this Court, and that all requests for relief must be in the form of a pleading or a motion and must comply with the Federal Rules of Civil Procedure and the Local Rules of this Court. Thus, his request for a court order is due to be stricken.

at 7 (asking that the Court "pay particular attention to his claim" because it is "highly improbable" that postconviction counsel raised "a non-meritorious legal point" in state court), 11 n.1. Upon review, the Court finds that Mobley has not demonstrated that an extraordinary circumstance prevented him from timely filing his federal Petition.

Indeed, the Eleventh Circuit has determined that a habeas petitioner's lack of legal training and a general ignorance or confusion regarding the law are not extraordinary circumstances warranting equitable tolling. See Rivers v. United States, 416 F.3d 1319, 1323 (11th Cir. 2005); Perez v. Florida, 519 F. App'x 995, 997 (11th Cir. 2013). Additionally, pro se litigants, like other litigants, "are deemed to know of the one-year statute of limitations." Outler v. United States, 485 F.3d 1273, 1282 n.4 (11th Cir. 2007). Mobley simply has not met the burden of showing that equitable tolling is warranted. He has not shown a justifiable reason why the dictates of the one-year limitations period should not be imposed upon him. For this reason, the Court will dismiss this case with prejudice pursuant to 28 U.S.C. § 2244(d).

### IV. Certificate of Appealability Pursuant to 28 U.S.C. § 2253(c)(1)

If Mobley seeks issuance of a certificate of appealability, the undersigned opines that a certificate of appealability is not warranted. The Court should issue a certificate of appealability only if the petitioner makes "a substantial

showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this substantial showing, Mobley "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," Tennard v. Dretke, 542 U.S. 274, 282 (2004) (quoting Slack v. McDaniel, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" Miller-El v. Cockrell, 537 U.S. 322, 335-36 (2003) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)).

Where a district court has rejected a petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong. See Slack, 529 U.S. at 484. However, when the district court has rejected a claim on procedural grounds, the petitioner must show that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Id. Upon consideration of the record as a whole, the Court will deny a certificate of appealability.

9

Therefore, it is now

**ORDERED AND ADJUDGED**:

1. Respondents' request to dismiss (Doc. 10) the case as untimely is **GRANTED**, and this action is **DISMISSED WITH PREJUDICE**.

2. Petitioner's request for a court order (Doc. 14) is **STRICKEN**.

3. The Clerk of the Court shall enter judgment dismissing this case with prejudice.

4. If Mobley appeals the dismissal of the case, the Court denies a certificate of appealability. Because the Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

5. The Clerk of the Court is directed to close this case and terminate any pending motions.

**DONE AND ORDERED** at Jacksonville, Florida, this 18th day of January, 2023.

MARCIA MORALES HOWARD
United States District Judge

Jax-1 1/18
c:
Tony O'Shawn Mobley, FDOC #314748
Counsel of Record